**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EFREM ZEMBLISH HARRIS,

    Defendant-Appellant.

No. 08-5006

(D.C. Nos. CV-05-143-E and
02-CR-0088-CVE-1)
(N. D. Oklahoma)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

Defendant Efrem Harris, a federal prisoner appearing pro se, seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(1). He wants to challenge the district court's denial of his motion under Rule 60(b) of the Federal Rules of Civil Procedure, filed post-judgment following denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Because Defendant has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

I.

In February 2003, Defendant was convicted by a jury of engaging in a drug-related conspiracy, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(D), 843(b), 846 and 856; possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); and traveling in interstate commerce for the purpose of committing unlawful acts, in violation of 18 U.S.C. § 1952. Due to his criminal history, he was sentenced to a mandatory term of life imprisonment on the conspiracy conviction. In United States v. Harris, 369 F.3d 1157 (10th Cir. 2004), we affirmed his convictions and sentence.

Defendant timely filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In an opinion and order dated June 14, 2006, the district court denied Defendant's § 2255 motion. Defendant then filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure, requesting that the district court alter or amend its order. On June 28, 2006, the district court issued an opinion and order denying Defendant's Rule 59(e) motion.

On August 31, 2006, Defendant sent a letter to the clerk of the court, inquiring as to whether the district court had ruled on his Rule 59(e) motion. Defendant's letter was received on September 5, 2006, and the clerk of the court responded by sending Defendant a copy of the June 28, 2006, opinion and order denying Defendant's Rule 59(e) motion. On September 20, 2006, Defendant filed a notice of appeal and a request for a COA. In an order dated September 21,

2006, the district court denied Defendant's request for a COA, concluding that "Defendant ha[d] not made a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c). 09/21/06 Dist. Ct. Order at 2.

On February 26, 2007, we dismissed Defendant's appeal for lack of appellate jurisdiction. We explained that "the sixty-day filing deadline under Fed. R. App. P. 4(a)(1)(B) for the filing of a timely notice of appeal expired on Monday, August 28, 2006." United States v. Harris, No. 06-5189, at 1 (10th Cir. Feb. 26, 2007). Defendant had failed to move in the district court for an extension of time under Rule 4(a)(5) or 4(a)(6) of the Federal Rules of Appellate Procedure, and, as a result, his September 20, 2006, notice of appeal was untimely. Id. at 1-2.

On March 7, 2007, Defendant filed a motion under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, requesting that the district court reopen the time to file an appeal.[1] The district court denied Defendant's Rule 4(a)(6) motion

---

[1] Rule 4(a)(6) provides:

**(6) Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(continued...)

3

in an order dated March 8, 2007. The district court explained that, according to the docket sheet, Defendant was sent a timely copy of the June 28, 2006, opinion and order. Defendant thus failed to satisfy subsection (A) of Rule 4(a)(6). Alternatively, the district court held that Defendant had not filed his Rule 4(a)(6) motion within the time limit prescribed by subsection (B).

Defendant responded by filing a motion under Rule 60(b)(1) of the Federal Rules of Civil Procedure, seeking to vacate the district court's March 8, 2007, order denying Defendant's Rule 4(a)(6) motion. In an order dated March 29, 2007, the district court denied Defendant's Rule 60(b)(1) motion, explaining that Defendant was "merely reassert[ing] the arguments that he presented in his March 7, 2007 motion." 03/29/07 Dist. Ct. Order at 2. On August 24, 2007, we denied Defendant's request for a COA on his Rule 60(b) motion, explaining that "jurists of reason would not find it debatable that the district court's denial of [Defendant's] Rule 60(b) motion was an abuse of discretion," and "Rule 60(b) may not be used to circumvent the time limits of Fed. R. App. P. 4(a)(6)." United States v. Harris, No. 07-5053, at 2 (10th Cir. Aug. 24, 2007).

---

[1](...continued)
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Defendant then filed another motion under Rule 60(b), requesting that the district court vacate its September 21, 2006, order denying Defendant's request for a COA on his § 2255 motion. Defendant first argued that the district court had lacked jurisdiction to deny his COA because his September 20, 2006, notice of appeal was untimely; thus, the district court's order was void under Rule 60(b)(4). Second, Defendant argued that our February 26, 2007, order indicated that the district court should have either rejected Defendant's notice of appeal or interpreted Defendant's motion for a COA as an implicit request for an extension of time to appeal. Defendant argued, therefore, that our February 26, 2007, order rendered the district court's September 21, 2006, order inequitable under Rule 60(b)(5). Finally, Defendant argued that his situation qualified as "unique circumstances" under Rule 60(b)(6).

In an opinion and order dated January 3, 2008, the district court denied Defendant's Rule 60(b) motion. The district court first found that Defendant's motion was "a 'true' Rule 60(b) motion and d[id] not raise new substantive claims." 01/03/08 Dist. Ct. Order at 2. The district court then rejected Defendant's contentions under Rule 60(b). The district court held that (1) it had properly retained jurisdiction to deny Defendant's COA in its September 21, 2006, order, notwithstanding the untimeliness of Defendant's September 20, 2006, notice of appeal; (2) nothing in our February 26, 2007, order indicated that the district court should have either rejected Defendant's notice of appeal or

5

interpreted Defendant's motion as an implicit request for an extension of time to appeal; and (3) the situation surrounding Defendant's untimely notice of appeal did not qualify as "unique circumstances" under Rule 60(b)(6).

Defendant filed a timely notice of appeal from the district court's order denying his Rule 60(b) motion. The district court has not addressed the issuance of a COA, so we deem the district court to have denied it. 10th Cir. R. 22.1(C). On appeal, Defendant requests that we issue a COA as to his Rule 60(b) motion.

## II.

Issuance of a COA is jurisdictional. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). In other words, a federal prisoner may appeal from the denial of a § 2255 motion only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> § 2553(c)(2). In order to make such a showing, a federal prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

\* \* \*

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(4)-(6). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005) (citation and internal quotation marks omitted).

After carefully examining the record on appeal, we conclude, for substantially the reasons stated in the district court's January 3, 2008, order, that Defendant has failed to make an adequate showing for a COA in this case.

The request for a COA is DENIED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

7