**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 8, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

EFREM ZEMBLISH HARRIS,
a/k/a Base,

   Defendant-Appellant.

No. 11-5072
(D.C. No. 4:02-CR-00088-CVE-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

   Efrem Zemblish Harris, a federal prisoner proceeding pro se, seeks to

appeal the district court's dismissal of his post-judgment motions for lack of

jurisdiction and its denial of his Fed. R. Civ. P. 59(e) motion to alter or amend

that dismissal.  We deny a certificate of appealability (COA) and dismiss this

proceeding.

   In 2003, Mr. Harris was sentenced to life imprisonment for

drug-trafficking offenses.  He pursued a direct appeal, *see United States v. Harris*,

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

369 F.3d 1157 (10th Cir. 2004), and relief under 28 U.S.C. § 2255, *see United States v. Harris*, 284 F. App'x 558, 558-60 (10th Cir. 2008) (discussing, in connection with a Fed. R. Civ. P. 60(b) motion, the procedural history of Mr. Harris's § 2255 motion). Since then, he has filed numerous post-judgment motions for relief from his convictions.

As relevant to this matter, in April 2011 he simultaneously filed motions under Fed. R. Civ. P. 60(b), Fed. R. Civ. P. 15(a), and Fed. R. Civ. P. 15(c) in which he asserted that facts alleged in his original § 2255 motion would have supported a claim that a certain search warrant was unconstitutional for failure to show a nexus between a crime or evidence and the place to be searched. At the time he prepared the § 2255 motion, however, he did not realize the significance of the facts and so did not plead that constitutional claim. Therefore, he sought to reopen the judgment and amend his original § 2255 motion to include the claim, and to have the amended motion relate back to the original motion. The district court concluded that the motions attempted to assert unauthorized second or successive § 2255 claims, which the court lacked jurisdiction to consider and therefore dismissed. *See* 28 U.S.C. § 2255(h); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Mr. Harris then filed an unsuccessful Rule 59(e) motion to alter or amend that decision.

Mr. Harris must obtain a COA to pursue an appeal. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because the district court's ruling

rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner's post-judgment motion should be treated like a second or successive § 2255 motion (and therefore subject to the authorization requirements of § 2255(h)) if it asserts or reasserts claims of error in the prisoner's conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 538 (2005); *United States v. Nelson*, 465 F.3d 1145, 1147-49 (10th Cir. 2006). "That is not the case, however, when a Rule 60(b) motion attacks . . . some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.

Contrary to Mr. Harris's argument, his previous failure to recognize the existence of a potential constitutional claim is not a defect in the § 2255 proceedings as contemplated by *Gonzalez*. *See id.* at 532 n.5 (stating that "an attack based on the movant's own conduct . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably"). Rather, his motions were all directed toward reopening the § 2255 proceeding to allow him to pursue a previously unasserted claim for relief from his convictions. This type of action clearly requires this court's authorization under § 2255(h). *See Gonzalez*, 545 U.S. at 532; *Nelson*,

465 F.3d at 1148-49. Without such authorization, the district court had no jurisdiction to consider the motions and appropriately dismissed them. *See Cline*, 531 F.3d at 1251. Finally, all of this being so, the court did not err in denying the Rule 59(e) motion.

We deny a COA and dismiss this proceeding.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk