986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James C. HOGAN, Plaintiff-Appellant,
v.
Nancy HOLTON, Defendant-Appellee.
 No. 92-1059.
 United States Court of Appeals, Tenth Circuit.
 Feb. 24, 1993.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Pro se plaintiff James C. Hogan filed this 42 U.S.C. § 1983 action against Nancy Holton, an Assistant Public Defender with the Colorado Public Defender's Office who was appointed to represent Hogan in a criminal proceeding. Hogan's complaint contained three counts: count 1 alleged a "conspiracy with the Adams County Colorado District Attorney to gain criminal convictions of plaintiffs;" count 2 alleged ineffective assistance of counsel; and count 3 alleged that Holton "forced plaintiff to waive his right to speedy trial." Civil Rights Complaint, R.Vol. I Tab 3.
 
 
 3
 After referral to a magistrate judge, the district court dismissed with prejudice counts two and three for failure to state a claim, and dismissed without prejudice count one (the conspiracy claim). The court then construed Hogan's Fed.R.Civ.P. 6(b) motion for "enlargement of filing" as a Fed.R.Civ.P. 15(a) motion for leave to file an amended complaint, which the court granted, thereby giving Hogan twenty days in which to file an amended complaint as to the conspiracy claim. The court referred the matter back to the magistrate judge.
 
 
 4
 After granting Hogan's motion for an extension of time in which to file an amended complaint, the magistrate judge thereafter recommended that the case be dismissed when Hogan failed to file his amended complaint within the time given. Three days later, however, Hogan filed another motion to amend together with his first amended complaint. The court denied as moot Hogan's motion to amend, and rejected the magistrate judge's recommendation that the complaint be dismissed. It then addressed whether Hogan's amended complaint stated a claim upon which relief could be granted.
 
 
 5
 After concluding that counts two and three of the amended complaint were virtually identical to those same counts in Hogan's original complaint, which the court had previously dismissed with prejudice, the district court again dismissed them with prejudice. The court carefully reviewed Hogan's conspiracy complaint, and concluded that it failed to state a claim. "Even assuming all of that claim's factual allegations to be true, it appears beyond doubt that the plaintiff has not alleged facts sufficient to entitle him to the relief sought." Order, R.Vol. 1 at Tab 21. It therefore dismissed Hogan's complaint.
 
 
 6
 That order of dismissal was entered on January 7, 1992. Hogan's pro se notice of appeal from that order was filed with the district court on March 3, 1992. Pursuant to Fed.R.App.P. 4(a)(1), the 30-day deadline for filing a notice of appeal expired on February 6, 1992. According to the certificate of service, the notice of appeal was mailed from the Clark County Detention Center in Las Vegas, Nevada, on February 26, 1992. There is no indication on the notice of appeal or on any other document in this record that Hogan requested an extension of time.
 
 
 7
 Compliance with filing requirements is " 'mandatory and jurisdictional' " Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)); Mayfield v. United States Parole Comm'n, 647 F.2d 1053, 1054-55 (10th Cir.1981). Under Houston v. Lack, 487 U.S. 266, 270, 276 (1988), a pro se prisoner's notice of appeal is deemed filed when it is delivered to prison officials for forwarding to the district court.
 
 
 8
 On its face, it would appear that Hogan's notice of appeal was not timely filed. Hogan argues, however, that the district court incorrectly mailed his copy of the January 6, 1992, order to his former Colorado prison address, rather than to his new temporary Denver, Colorado address. Hogan asserts in his brief that he "filed notice with the Clerk of the District Court providing a temporary mailing address of Appellant prepatory (sic) to Appellant re-establishing his address in Las Vegas Nevada." Appellant's Opening Brief at 11. He also alleges that he left Denver on January 12, 1992, for Las Vegas, Nevada, and that he was arrested shortly after he arrived in Las Vegas on January 14, 1992.
 
 
 9
 The district court docket sheet as of February 18, 1992, shows a Denver, Colorado, address for Hogan, but the record before this court contains no written notice of change of address from Hogan, or a relevant district court docket entry indicating receipt of any such notice. The district court docket sheet does contain an entry dated January 14, 1992, stating "MAIL Returned (order of 1/6/92) addressed to plaintiff James C. Hogan [Entry date 01/15/92]."
 
 Fed.R.App.P. 4(a)(6) provides that:
 
 10
 [t]he district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
 
 
 11
 It is unclear from the record before us whether Hogan met the time limits of that rule.
 
 
 12
 We conclude that the notice of appeal was not timely filed, and we therefore lack jurisdiction to consider the appeal. The notice is untimely on its face, and Hogan can point to nothing in the record before this court to excuse that fact. Hogan bears the burden of compliance with the rules. Thus, it was his responsibility, not the clerk's, to ensure that the proper address was clear for mailing purposes. More to the point, it was Hogan's responsibility to check with the clerk of the court to determine whether a decision had been filed. All litigants bear this responsibility, regardless of how inconvenient it may be. Here, Hogan was out of prison when the court's decision was entered, and living in Denver, convenient to the court. Thus, he was in no different position than any other litigant.
 
 
 13
 But even if we were to assume jurisdiction in this case, we would affirm the district court's dismissal of Hogan's complaint. As the district court correctly noted, vague, unsupported and conclusory allegations are insufficient to state a claim of constitutional violation. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (petitioner, even if pro se, must allege sufficient facts about material events); Dunn v. White, 880 F.2d 1188, 1198 (10th Cir.1989) (specific allegations required to state a claim of constitutional violation), cert. denied, 493 U.S. 1059 (1990).
 
 
 14
 For the foregoing reasons, the appeal is DISMISSED for lack of jurisdiction. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3