**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EFREM ZEMBLISH HARRIS,

Defendant-Appellant.

No. 09-5054

Northern District of Oklahoma

(D.C. No. 4:02-CR-00088-CVE-1 and
4:05-CV-00143-CVE-SAJ)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO, MURPHY** and **McCONNELL**, Circuit Judges.

---

Efrem Zemblish Harris, a federal prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's denial of his

motion to reopen the time to file an appeal. Exercising jurisdiction pursuant to 28

U.S.C. §§ 1291 and 2253(c), we conclude that Mr. Harris has not made a

"substantial showing of the denial of a constitutional right." We therefore deny

Mr. Harris's request for COA and dismiss the appeal.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

## Background

In 2005, Mr. Harris filed a § 2255 motion challenging his life sentence for multiple drug offenses. After the district court denied his motion on June 14, 2006, Mr. Harris filed a timely Rule 59(e) motion to reconsider. That motion was denied on June 28, 2006. Mr. Harris, however, contends that he never received notice of the June 28 order until September 7, 2006, and then only after he had inquired about its status with the court clerk. He filed an untimely appeal of the June 28 order on September 20, 2006—twenty-three days past the sixty-day deadline—and has been trying to overcome the timeliness bar in one way or another ever since. [Dist. 2]

Mr. Harris has been nothing if not persistent. His first appeal, filed September 20, 2006, challenged the district court's denial of his § 2255 and Rule 59(e) motions; we denied that appeal as untimely because it was not filed within 60 days of entry of judgment. *United States v. Harris*, No. 06-5189 (10th Cir. Feb. 26, 2007) (unpublished order). [R. 51] On March 7, 2007, he then moved for the district court to reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6). [Supp. R. 92] The district court denied his motion the next day, and he did not appeal that denial. [Supp. R. 99] Shortly thereafter, Mr. Harris filed a motion under Fed. R. Civ. P. 60(b)(1), seeking relief from the denial of his 4(a)(6) motion to reopen his appeal due to "excusable neglect." [Supp. R. 109] The district court denied that motion, and we denied COA, holding that "Rule

60(b) may not be used to circumvent the time limits of Fed. R. App. P. 4(a)(6)." *United States v. Harris*, No. 07-5053 (10th Cir. Aug. 24, 2007) (unpublished order). [Supp. R. 114.] Mr. Harris then filed a substantially similar motion asking the district court to relieve him from the time bar under Fed. R. Civ. P. 60(b)(4), (5), and (6); the district court again denied his motion and we again denied his request for COA. *United States v. Harris*, 284 Fed. App'x 558 (10th Cir. 2008).

Undeterred, on March 30, 2009, Mr. Harris filed another motion to reopen the time to appeal under Rule 4(a)(6). This motion repeated the arguments of the March 2007 Rule 4(a)(6) motion, although it did characterize itself in part as a motion to "Construe Defendant's September 20, 2006 Late Notice as a Rule 4(a)(6) Motion Under the Federal Rules of Appellant [sic] Procedure." *United States v. Harris*, No. 02-CR-0088-CVE, 2009 WL 961535 at *1 (N.D. Okla. Apr. 7, 2009). The district court noted that Mr. Harris had "raised these same arguments to the Court in a previous motion" in which the court had "found that defendant had not satisfied any of the requirements of Rule 4(a)(6) and his motion to reopen was untimely." *Id.* at *2. Mr. Harris had "presented no authority to support his argument that he may seek leave to reopen his time to appeal two and a half years after filing an untimely appeal," nor had he "shown that the Court has the authority to reopen his time to appeal after an appeal of the same issue has been dismissed by the appellate court." *Id.* Even so, the court once again addressed the merits of Mr. Harris's motion and once again rejected it for two

reasons. First, the court was not convinced that Mr. Harris had not in fact received the order denying his Rule 59(e) motion in a timely manner, as the Court Clerk had mailed him a copy of the opinion and order and the mail was not returned as non-deliverable. *Id.* Second, even if the order was not mailed to him until September 7, 2006, he still failed to file his notice of appeal until September 20, 2006, which exceeded the seven day window required by Rule 4(a)(6)(B). *Id.* at \*2. The district court later denied COA on the issue.

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted). When the district court's denial is on procedural grounds, as it was here, the petitioner must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

We review the denial of a Rule 4(a)(6) motion for an abuse of discretion, *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), with particular solicitude for the district court's factual findings and credibility determinations. Under the circumstances of this case, no jurist of reason would find that the district court had abused its discretion. For one thing, the motion that Mr. Harris has presently appealed is virtually identical to the Rule 4(a)(6) motion he filed on March 7, 2007, which was denied. Mr. Harris might have changed the title of his motion but the substantive argument remains the same. He never appealed that earlier denial and the ruling is law of the case. Mr. Harris is not free perpetually to relitigate final orders of the court, even on procedural issues.

Even if the issue were not barred by law of the case, the district court offered two well-founded justifications to deny the extension. While it recognized that Mr. Harris contended he had never received the June 28 order, it also noted that the Court Clerk had mailed a copy of that order the day it was filed and that the order was never returned as undeliverable. [2009 WL 961535 at *2] When "court records revealed that a copy of the order . . . had been sent to [the defendant] and never returned as undeliverable," there is no abuse of discretion in finding that the defendant had received timely notice. *Ogden*, 32 F.3d at 455. Moreover, even if Mr. Harris had been able to show that notice was not timely received, thereby satisfying Rule 4(a)(6)(A), he still could not show that he satisfied Rule 4(a)(6)(B) by filing his motion for an extension within

seven days of receiving notice. Mr. Harris himself admits he had received notice by September 7, 2006, and yet his motion was not filed until September 20, 2006. Recognizing that a September 20 filing date would be too late, Mr. Harris has tried to avail himself of the "mailbox rule" of Fed. R. App. P. 4(c)(1), now claiming that he mailed his motion from the federal prison within the seven-day period. Alt. R. Br. 8. As he failed to provide a "declaration in compliance with 28 U.S.C. § 1746 or [] a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid," Fed. R. App. P. 4(c)(1), however, that rule does not apply.

While timing deadlines might at times be frustrating, they are nonetheless necessary, and the decision to grant extensions falls within the discretion of the district court. *Cf. Duffield v. Jackson*, 545 F.3d 1234, 1240 (10th Cir. 2008). Mr. Harris has challenged that court's refusal to grant an extension too many times already. He must accept the decision.

## Conclusion

Accordingly, we **DENY** Mr. Harris' request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge