FILED
United States Court of Appeals
Tenth Circuit

February 3, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

PATRICK PORTLEY-EL,

Petitioner-Appellant,

v.

KEVIN MILYARD; COLORADO
ATTORNEY GENERAL,

Respondents-Appellees.

No. 09-1327
(D.C. No. 06-cv-00146-WYD-KLM)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Petitioner-Appellant Patrick Portley-El, a Colorado state prisoner appearing

pro se,[1] seeks a certificate of appealability ("COA") to challenge the district

court's denial of his application for a writ of habeas corpus pursuant to 28 U.S.C.

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] We construe Mr. Portley-El's pro se filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

§ 2241 (the "petition").[2]  He also moves for leave to proceed *in forma pauperis* on appeal.  We exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253(c)(1)(A).  *See Montez v. McKinna*, 208 F.3d 862, 868–69 (10th Cir. 2000) (holding that § 2253(c)(1)(A) applies when a state habeas petitioner proceeds under § 2241).  For the reasons set forth below, we conclude that Mr. Portley-El failed to file a timely notice of appeal and that the district court erred in granting his request to reopen the time to file an appeal.  Accordingly, we lack jurisdiction to consider either the COA application or the merits of this appeal.  Consequently, we reverse the district court's order granting the request to reopen and dismiss Mr. Portley-El's appeal.  We grant his motion to proceed *in forma pauperis*.

## BACKGROUND

Mr. Portley-El was incarcerated in the Sterling Correctional Facility of the Colorado Department of Corrections ("CDOC") at the time of the events underlying the petition.  On February 25, 2001, Mr. Portley-El allegedly refused to comply with a "lock-down" order from prison officials and was handcuffed and physically escorted to his cell.  After an administrative segregation hearing, Mr.

---

[2]     Mr. Portley-El filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  As the magistrate judge and district court noted, however, the petition more appropriately was presented under 28 U.S.C. § 2241 because it "involv[es] revocation of good time credits or other sentence shortening issues" rather than "the validity of a conviction and sentence."  R. at 85–86 (Recommendation of U.S. Magistrate Judge, filed Dec. 1, 2008 (citing, *inter alia*, *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997))); *see* R. at 97–98 (Order Adopting and Affirming Magistrate Judge's Recommendation, filed Dec. 29, 2008).

Portley-El was found guilty of two violations of the Code of Penal Discipline: (1) advocating or creating facility disruption, and (2) disobeying a lawful order. Mr. Portley-El subsequently filed a habeas petition seeking to expunge the disciplinary sanction from his record, to restore his lost good-time and earned-time credits, and to recover costs and reasonable interest. He asserted that the disciplinary proceedings violated his due process rights and that review of this proceeding was not held in a timely manner.

On December 1, 2008, the magistrate judge filed a recommendation with the district court ("Recommendation"). After reviewing the merits, the magistrate judge recommended that the petition be denied. The magistrate judge rejected Mr. Portley-El's due process claim because Colorado law did not create a liberty interest in good-time or earned-time credits; therefore, Mr. Portley-El could not properly assert that he was deprived of such an interest without due process. The magistrate judge instructed Mr. Portley-El to file any objections with the district court within ten days. Furthermore, the magistrate judge warned that "[a] party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge and also waives appellate review of both factual and legal questions." R. at 94 (citations omitted). The magistrate judge cautioned Mr. Portley-El that "[a] party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *Id*. Despite these warnings, Mr. Portley-El

-3-

filed no objections with the district court within the prescribed time period.

Because Mr. Portley-El neglected to file any objections, the district court reviewed the Recommendation for clear error and found that the analysis was "well reasoned and sound." *Id*. at 98. The district court accordingly adopted and affirmed the Recommendation. And, consequently, it denied the habeas petition and dismissed the action with prejudice. On December 30, 2008, the district court entered judgment in favor of the respondents.[3]

On June 25, 2009, Mr. Portley-El filed a request for clarification of the district court's judgment. Among other things, Mr. Portley-El claimed that he had not received notice of the judgment. The district court construed this motion as a request to reopen the time to file an appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(6). On July 14, 2009, having found that Mr. Portley-El did not receive notice of the entry of judgment within twenty-one days after the entry, the district court granted the request and gave Mr. Portley-El fourteen days in which to file a notice of appeal.

On July 24, 2009, Mr. Portley-El filed a notice of appeal. He also filed a motion for leave to proceed *in forma pauperis*. On August 3, 2009, the district court denied Mr. Portley-El's request for a COA, as well as his motion to proceed

---

[3] On May 18, 2009, Mr. Portley-El also filed a petition for a determination. In this petition, Mr. Portley-El sought to have the district court promptly issue an order on his habeas petition. On May 18, 2009, the district court denied the petition for a determination as moot.

*in forma pauperis* on appeal. Mr. Portley-El then filed with this court his application for a COA and motion for leave to proceed *in forma pauperis*.[4]

## DISCUSSION

We must first address the timeliness of Mr. Portley-El's appeal.[5] "We acquire jurisdiction only on the filing of a timely notice of appeal." *Watkins v. Leyba*, 543 F.3d 624, 626 (10th Cir. 2008); *accord Bowles v. Russell*, 551 U.S. 205, 209 (2007) ("[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." (internal quotation marks omitted)); Fed. R. App. P. 3(a)(1) ("An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4."). In a civil action, a notice of appeal ordinarily must be filed with the district court within thirty days after the entry of

---

[4]     On August 24, 2009, we entered an order directing the parties to file memoranda addressing whether Mr. Portley-El waived his appellate rights by failing to object to the magistrate judge's recommendation. *E.g.*, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (holding that, under the firm waiver rule, "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions"). The parties filed briefs on this issue. Mr. Portley-El also filed a brief on the merits. Given our ultimate conclusion below that we lack jurisdiction, we need not determine whether our firm waiver rule would also bar Mr. Portley-El from appellate review.

[5]     Although the State has not questioned our jurisdiction to consider this appeal, "[e]very federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . . even though the parties are prepared to concede it." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (internal quotation marks omitted).

the judgment. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). For an inmate confined in an institution, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1). Under this rule, an inmate may demonstrate a timely filing through "a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *Id.*

In this action, the district court entered judgment on Tuesday, December 30, 2008. Pursuant to Federal Rule of Appellate Procedure 26(a), the notice of appeal was due on Thursday, January 29, 2009, thirty days from the entry of judgment. Because Mr. Portley-El was an inmate confined in an institution, he had to deposit a notice of appeal in the institution's internal mail system on or before that date. *See* Fed. R. App. P. 4(c)(1). Mr. Portley-El neglected to file a notice of appeal until July 24, 2009.[6] Thus, the notice of appeal was untimely.

---

[6] Mr. Portley-El failed to avail himself successfully of the "prison mailbox rule." Although Mr. Portley-El attached a certificate of service to the notice of appeal, he neglected to certify the filing "as true under penalty of perjury" as required by 28 U.S.C. § 1746. *See Price v. Philpot*, 420 F.3d 1158, 1165 n.6, 1165–66 (10th Cir. 2005). Mr. Portley-El also did not file a notarized statement. Thus, even though Mr. Portley-El dated the notice of appeal July 20, 2009, and dated the certificate of service July 22, 2009, the actual filing date was July 24, 2009, which is the date the district court received the notice of appeal. *See United States v. Smith*, 182 F.3d 733, 734 n.1 (10th Cir. 1999) (declining to give prisoner benefit of mailbox rule because of prisoner's failure to declare that first-class postage had been prepaid); *Graves v. Gen. Ins. Corp.*, 381 F.2d 517, 519 (10th Cir. 1967) (noting, outside of prison context, that "it is the time when

(continued...)

The district court has limited authority to extend the time for filing a notice of appeal. 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(4) (motions that toll the time to file an appeal), (a)(5) (motion for extension of time), (a)(6) (motion to reopen the time to file an appeal). Although Mr. Portley-El clearly failed to qualify for most of the exceptions to the filing requirement,[7] the district court reasoned that under Federal Rule of Appellate Procedure 4(a)(6) it could properly grant Mr. Portley-El's request to reopen the time for filing an appeal.

"We review the district court's determination of whether to grant a motion for an extension of time within which to file a notice of appeal for an abuse of discretion." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Mr. Portley-El bears the burden of demonstrating his compliance with Federal Rule of Appellate Procedure 4(a)(6). *See Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995); *see also Hogan v. Holton*, No. 92-1059, 1993 U.S. App. LEXIS 4195, at *6 (10th Cir. Feb. 24, 1993) ("The notice [of appeal] is untimely on its face, and Hogan can point to nothing in the record before this court to excuse that fact. Hogan bears the burden of compliance with the rules [specifically, Rule 4(a)(6)]."); *cf. United States v. Harris*, No. 09-5054, 2009 U.S. App. LEXIS

---

[6](...continued)
the clerk of a district court *receives actual custody of the notice* which establishes the jurisdiction of the appellate court" (emphasis added)).

[7]     Based on the record, Mr. Portley-El neither filed a motion listed in Rule 4(a)(4) nor requested an extension of time under Rule 4(a)(5).

19108, at *6 (10th Cir. Aug. 25, 2009) (placing burden on prisoner petitioner to establish that he did not receive timely notice under Rule 4(a)(6)(A)). Rule 4(a)(6) provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if *all* the following conditions are satisfied:
>
>> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>>
>> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*; and
>>
>> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added);[8] *accord* 28 U.S.C. § 2107(c).

---

[8] During the pendency of this appeal, Federal Rule of Appellate Procedure 4(a)(6) was amended to revise the deadline for filing a motion to reopen. Effective December 1, 2009, Rule 4(a)(6) altered the period of time for filing a motion to reopen from seven days to fourteen days after receiving notice of the judgment or order. Fed. R. App. P. 4(a)(6) advisory committee's note (2009 amendments) (stating that "[c]hanging the period from 7 to 14 days offsets the change in computation approach" in Federal Rule of Appellate Procedure 26). When the Supreme Court amended the rule, it provided "[t]hat the foregoing amendments . . . shall take effect on December 1, 2009, and shall govern in all proceedings in appellate cases thereafter commenced and, *insofar as just and practicable, all proceedings then pending*." Order of Mar. 26, 2009, 2009 US Order 15 (C.O. 15) (emphasis added), *available at* http://www.supremecourtus. gov/orders/courtorders/frap09.pdf; *see* 28 U.S.C. § 2074(a) (providing that "the Supreme Court shall not require the application of [new procedural] rule[s] to further proceedings then pending to the extent that . . . the application of such rules in such proceedings would not be feasible or would work injustice"). In this

(continued...)

"[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons." *Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000). Furthermore, "[t]he essence of Rule 4(a)(6) is finality of judgment." *Id.* at 1041. "While application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement without distinction between counseled and uncounseled cases." *Id.*

The district court erred (i.e., abused its discretion) in granting the request to reopen the time to appeal because Mr. Portley-El failed to satisfy a condition set forth in Rule 4(a)(6)(B).[9] In the order, the district court found that Mr. Portley-El had satisfied Rule 4(a)(6)(B) by "fil[ing] his request to reopen the matter within 180 days after the judgment was entered." R. at 113. Mr. Portley-El filed the request to reopen on June 25, 2009, which was a scant four days shy

---

[8](...continued)
action, the application of amended Rule 4(a)(6) would not be "just and practicable" because: (1) the district court applied the then-current version of Rule 4(a)(6) to determine whether the request to reopen was timely; and (2) the amended rule would give Mr. Portley-El the unexpected benefit of more time to file the appeal, which would alter the outcome of the jurisdictional issue to the prejudice of the non-moving party. Thus, in reviewing the order, we apply the prior version of Rule 4(a)(6).

[9] This court need not determine whether Mr. Portley-El satisfied the remaining conditions of Rule 4(a)(6). Because Mr. Portley-El must demonstrate his compliance with *every* condition, the failure to meet any one condition precludes the reopening of the time to file an appeal.

of the 180-day deadline.[10] Nevertheless, the district court never examined whether Mr. Portley-El had filed this request to reopen within the prescribed period of time after he received notice of the entry of judgment.

More to the point, Mr. Portley-El neglected to demonstrate to the district court that his request to reopen the time to file an appeal was a timely filing, in light of Rule 4(a)(6)(B)'s application to *the lesser of* 180 days after the entry of judgment or seven days after the moving party receives notice of such entry. As an initial matter, Mr. Portley-El acknowledged that the district court mailed him a copy of the judgment on June 4, 2009, and suggests that he received it sometime thereafter. The judgment was not returned to the district court as undeliverable, which supports a reasonable inference that Mr. Portley-El received the judgment. *See Ogden*, 32 F.3d at 455 (finding no abuse of discretion when district court inferred receipt of order when "court records revealed that a copy of the order dismissing" petitioner's case had been sent to him and "never returned as undeliverable"). In the request to reopen, however, Mr. Portley-El provided no indication of *when* he received such notice or that he filed the request within the prescribed period of time. In sum, Mr. Portley-El failed to carry his burden of proving that he satisfied the requirements of Rule 4(a)(6)(B).

Furthermore, on appeal, Mr. Portley-El effectively conceded that the

---

[10] The 180-day period was set to expire on Sunday, June 28, 2009. Pursuant to Federal Rule of Appellate Procedure 26, however, the deadline would in actuality have been the next business day, Monday, June 29, 2009.

request to reopen was untimely. In Petitioner-Appellant's Memorandum Brief, Mr. Portley-El admitted that he received copies of the Recommendation, the order adopting and affirming the magistrate judge's recommendation, and the judgment on June 9, 2009. Based on this date of receipt, the prior version of Rule 4(a)(6)(B), which is applicable here, indicates that the filing deadline was June 22, 2009.[11] Because this date precedes the expiration of the 180-day deadline on

---

[11] Under the prior version of Rule 4(a)(6), the request to reopen nominally was due on Thursday, June 18, 2009, seven business days after Mr. Portley-El admittedly received notice of the entry of judgment. Pursuant to the application of Federal Rule of Appellate Procedure 26(a) and (c), however, the ultimate due date for Mr. Portley-El's request to reopen was Monday, June 22, 2009. *See*, *e.g.*, Fed. R. App. P. 26 advisory committee's note (1996 amendment) ("Providing that the extension is three calendar days means that if a period would otherwise end on Thursday but the three-day extension applies, the paper must be filed on Monday. Friday, Saturday, and Sunday are the extension days. Because the last day of the period as extended is Sunday, the paper must be filed the next day, Monday."). In particular, Rule 26(c) provides that "[w]hen a party is required or permitted to act within a prescribed period after a paper is served on that party, 3 calendar days are added to the prescribed period" if, *inter alia*, the service is effected by mail. *See generally* 16AA Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Catherine T. Struve, *Federal Practice and Procedure* § 3972.1, at 183 (4th ed. 2008) (discussing Rule 26(c) and noting that "[f]rom 1968 until 1996 the extra three days had been allowed only if service was made by mail"). As noted, the district court served Mr. Portley-El with the judgment by mail, and he acknowledges receiving service of it on June 9, 2009. Given that under Rule 4(a)(6)(B) the seven-day prescribed period for responding was measured from the date of *receipt of notice* of the judgment through service—rather than from the date of entry of the judgment itself, then the ultimate due date for Mr. Portley-El to file his request to reopen was extended under Rule 26(c) by three calendar days to June 22, 2009. *Cf. Sofarelli Assocs., Inc. v. United States*, 716 F.2d 1395, 1396 (Fed. Cir. 1983) ("Rule 26(c), however, has no application to the 60-day period specified in Rule 4(a)(1), as the latter rule states that the appeal time starts from the entry of the judgment, *not from service of the notice of judgment*." (emphasis added)).

June 29, 2009, it is the date with which Mr. Portley-El had to comply under Rule 4(a)(6)(B). Thus, the request to reopen was untimely because it was not filed with the district court until June 25, 2009.[12] We therefore do not have jurisdiction over Mr. Portley-El's appeal and, more specifically, lack jurisdiction to reach the merits of Mr. Portley-El's request for a COA.

## CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's order granting Mr. Portley-El's request to reopen the time to file an appeal and **DISMISS** this matter. We **GRANT** Mr. Portley-El's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[12]     Mr. Portley-El does not benefit from the prisoner mailbox rule in this calculation, *inter alia*, because: (1) he failed to file a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement; and (2) the request to reopen would still be untimely because it was mailed on June 24, 2009, two days after the deadline.