**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 28, 2023**

_____

**Christopher M. Wolpert**
**Clerk of Court**

JACOB ANDREW HERRINGTON,

Petitioner - Appellant,

v.

BILL GEARY, Sheriff, El Paso County,

Respondent - Appellee.

No. 22-1257
(D.C. No. 1:22-CV-01166-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Petitioner Jacob Andrew Herrington, a Colorado state prisoner proceeding

pro se,[1] seeks a Certificate of Appealability ("COA") in order to appeal the district

court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241.

Herrington also seeks leave to proceed *in forma pauperis*.  Because Herrington has

failed to satisfy the standards for issuance of a COA, we deny his application for

COA and his request to proceed *in forma pauperis*, and we dismiss this matter.

_____

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "Although we liberally construe *pro se* filings, we do not assume the role of
advocate."  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal
quotation marks omitted).

# I

## A.     District Court Proceedings

Herrington is a pretrial detainee at the El Paso County Criminal Justice Center in Colorado Springs, Colorado.  On May 9, 2022, Herrington initiated these proceedings in the United States District Court for the District of Colorado by filing a pro se application for a writ of habeas corpus pursuant to 28 U.S.C § 2241, and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Herrington alleged in his application that (1) he had been "refused [a] fast and speedy trial," (2) he had been subjected to "unreasonable and/or unlawful search and seizures," (3) he was "required [to post] excessive bail [in order] to obtain release," and he was "forced to [single] cell confinement as punishment and refused [hygiene], property, radio, medical, medication, recreation, [and] dental [care]," (4) his federal constitutional rights were violated because he was actually the victim of a beating and robbery and had committed no crime, (5) he was being forced to be represented in state court by an attorney, even though he had never requested an attorney or agreed to be represented by his appointed attorney, and (6) he was unlawfully arrested and was being unlawfully detained.  ROA, Vol. I at 4–11.

On June 1, 2022, the assigned magistrate judge entered an order directing Herrington to cure certain deficiencies in his § 1915 motion or pay the filing fee if he wished to pursue the claims in his action.  The order further warned that if Herrington failed to cure the deficiencies within thirty days, the action would be dismissed without further notice.

On July 13, 2022, after the thirty-day deadline had passed, the district court entered an order dismissing the action without prejudice because Herrington filed "numerous non-responsive filings which did not cure the deficiencies." *Id.* at 16. In the same order, the district court denied Herrington a COA and denied without prejudice *in forma pauperis* status on appeal. The district court entered judgment on the same day.

## B.     Herrington's Appeal

Herrington's notice of appeal was filed on the district court docket forty days later, on August 22, 2022. *Id.* at 22. On August 25, 2022, we issued an order directing Herrington to show cause why his appeal should not be dismissed for lack of appellate jurisdiction due to the untimely filing of the notice of appeal.[2]

On September 8, 2022, Herrington filed a response to the order to show cause. In his response, Herrington "sw[o]re under oath and penalty of perjury" that he "handed over [the notice of appeal] to [a] case[ ]manager/deputy on this 7th [day] of August 2022 in compliance with 28 U.S.C. § 1746, Federal Rule of [A]ppellate Procedure 4(c)(1)(A)(i) and/or [Federal Rule of Appellate Procedure] 4(c)(1)(B), or any reason unknown to [him]." Aplt. Resp. to Show Cause Order at 4. Additionally, Herrington noted that neither facility where he was confined had a "system designed

---

[2] Herrington's notice of appeal was signed and dated August 7, 2022, which was within the time to appeal. ROA, Vol. I at 22. However, Herrington's notice of appeal was not accompanied by a declaration in compliance with Federal Rule of Appellate Procedure 4(c)(1)(A)(i), and the district court did not docket the envelope to permit us to determine timeliness under Federal Rule of Appellate Procedure Rule 4(c)(1)(A)(ii).

for legal mail."[3]  *Id.*  According to Herrington, "one simply turns in outgoing mail,"

and "[indigent] persons can't access postal stamps so unknown parties sort and stamp

outgoing mail."  *Id.*

On November 17, 2022, Herrington filed a supplemental response to the order

to show cause.  In his supplemental response, Herrington represented that he has

"done everything within [his] power to abide by [the] [r]ules in [a]ll [his] cases."

Aplt. Supp. Resp. to Show Cause Order at 1.  Herrington explained that he is only

"allot[t]ed [four] stamps [a] month," *id.*, and that he has "restricted access to legal

knowledge and legal [materials]," *id.* at 3.  Additionally, Herrington acknowledged

that "[i]n [his] haste [he] failed to abide by the mail[box] rule," and he "apologize[d]

for this oversight."  *Id.*

On September 26, 2022, Herrington filed his combined opening brief and

application for a COA.  Herrington also filed on that date a motion to proceed *in

forma pauperis* in this court.

---

[3] On July 8, 2022, Herrington filed a notice of change of address, in which he stated that he was transported to a state hospital—the Colorado Mental Health Institute in Pueblo, Colorado.  Notice to Change Address at 1–2, *Herrington v. Geary*, No. 22-cv-1166 (D. Colo. July 8, 2022); *see* ROA, Vol. I at 16.  Then, on August 22, 2022, Herrington filed another notice of change of address indicating that he had been transferred back to El Paso County Criminal Justice Center.  Notice of Change of Address at 1, *Herrington v. Geary*, No. 22-cv-1166 (D. Colo. Aug. 22, 2022).  This second notice was dated August 7, 2022—the same day that Herrington's notice of appeal was dated—and it indicated that Herrington had returned to the state jail earlier that week.

## II

### A.    Timeliness of Herrington's Notice of Appeal

Before turning to the merits, we must first determine whether Herrington's notice of appeal is timely. Herrington's notice of appeal must be timely for us to exercise jurisdiction over his claim. *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004) ("The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." (internal quotation marks omitted)).

In a proceeding under 28 U.S.C. § 2241 filed by a state prisoner, the notice of appeal must be filed within thirty days after entry of the order or judgment appealed from. 28 U.S.C. § 2107(a); *see e.g.*, *Portley-El v. Milyard*, 365 F. App'x 912, 915 (10th Cir. 2010) (applying the civil time limit to a § 2241 proceeding filed by a state prisoner). The final judgment from which Herrington appeals was entered on July 13, 2022, and, therefore, Herrington's notice of appeal was due by August 12, 2022. Although Herrington's notice of appeal is signed and dated August 7, 2022, it was not filed with the district court until August 22, 2022—ten days after the deadline.

As an inmate confined in an institution, Herrington's filings are subject to the "prison mailbox rule" set forth in Rule 4(c)(1) of the Federal Rules of Appellate Procedure. Rule 4(c)(1) provides as follows:

> **(1)** If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

**(A)** it is accompanied by:

   **(i)**   a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or

   **(ii)**  evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or

**(B)** the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

Fed. R. App. P. 4(c)(1).

Pursuant to Rule 4(c)(1)(A)(i), we have observed that an inmate can show timely filing where "a legal system is not available, . . . by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid." *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005). Accordingly, we must determine whether Herrington's declarations in response to the show cause order satisfy the requirements of Rule 4(c)(1)(A)(i).

We resolve this question in Herrington's favor and conclude that his appeal is timely under the prison mailbox rule. In response to our show cause order, Herrington submitted a declaration stating under penalty of perjury that he gave his notice of appeal to a case manager or deputy on August 7, 2022, in compliance with Federal Rule of Appellate Procedure 4(c)(1)(A)(i). According to Herrington's declaration, the state prison where he was detained did not have a system for legal

6

mail.  Herrington also represented that indigent detainees submit outgoing mail to the prison authorities, and, because they cannot access postal stamps, outgoing mail is sorted and stamped by prison staff.  Additionally, in Herrington's supplemental response to the show cause order, he clarified that he is allotted four stamps per month.

Granted, Herrington did not explicitly state that he prepaid for first-class postage.  However, Herrington attested to the fact that, while he cannot personally access postal stamps, he is allotted four stamps per month, which the prison staff subsequently affixes to his outgoing mail.  Accordingly, we liberally construe Herrington's references to his monthly allotment of postage stamps as indicating that first-class postage was prepaid on his notice of appeal.  *Cf. Ceballos-Martinez*, 387 F.3d at 1143 (holding that the mailbox rule was inapplicable where the inmate's notice of appeal altogether "lack[ed] a declaration in compliance with 28 U.S.C. § 1746 or notarized statement setting forth the notice's date of deposit with prison officials and lack[ed] a statement that first-class postage was pre-paid").

## B.     Certificate of Appealability

Next, we turn to the issue of whether Herrington is entitled to a COA.  To appeal from the district court's denial of his § 2241 motion, Herrington must first obtain a COA.  *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000); 28 U.S.C. § 2253(c)(1)(A); *Clark v. Okla.*, 468 F.3d 711, 713 (10th Cir. 2006) ("A COA is a jurisdictional pre-requisite to our review.").  We will issue a COA only if Herrington makes "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). Because the district court dismissed Herrington's § 2241 motion on procedural grounds, Herrington must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In assessing whether Herrington has made these showings, we review the district court's factual findings for clear error and its legal conclusions de novo. *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001).

Having reviewed Herrington's application for COA and the record on appeal, we conclude that Herrington has failed to demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.[4] Notably, Herrington makes no attempt in his application for COA to address the district court's conclusions regarding his failure to cure the deficiencies in his § 1915 motion or pay the filing fee. And, in any event, we agree with the district court's procedural ruling.

As part of the district court's review pursuant to D. Colo. Civ. R. 8.1(b), the assigned magistrate judge determined that Herrington's motion for leave to proceed

---

[4] Because we conclude that Herrington has failed to meet his burden regarding the district court's procedural ruling, we need not address whether Herrington has met his burden regarding his underlying constitutional claims. *See Slack*, 529 U.S. at 485 ("Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.").

*in forma pauperis* pursuant to § 1915 was deficient.[5]  Specifically, the district court noted that Herrington's motion was missing a certificate showing the current balance in his prison account.  Accordingly, in its order directing Herrington to cure the deficiencies, the district court advised him to "submit a certified account statement showing his balance as of the date he filed this action."  ROA, Vol. I at 14.  The district court further explained that, "[i]f jail officials refuse to provide [Herrington] with a certified account statement, [Herrington] must present written documentation demonstrating the specific steps he took to obtain such statement and that jail officials have refused to provide such statement."  *Id.*  However, the district court advised Herrington that "[g]eneral and unsupported conclusory allegations will not excuse [his] failure to provide a certified account statement."  *Id.*  The district court also informed Herrington that, "[i]n the alternative, [he] may pay the $5.00 filing fee."  *Id.*  Finally, the district court warned Herrington that if he failed to cure the specified deficiencies in his § 1915 motion within thirty days, his action would be dismissed without further notice.

After the thirty-day timeframe had passed, the district court issued an order noting that Herrington "submitted numerous non-responsive filings which did not

---

[5] Pursuant to D. Colo. Civ. R. 8.1(b), "[a] judicial officer designated by the Chief Judge shall review the pleadings of a prisoner (whether represented by counsel or not) to determine whether the pleadings should be dismissed summarily if the prisoner is . . . proceeding without prepayment of fees."  Additionally, "[a] judicial officer may request additional facts or documentary evidence necessary to make this determination."  D.C.COLO.LCivR 8.1(b).

cure the deficiencies." *Id.* at 16.  Accordingly, the district court dismissed the action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

On appeal, Herrington does not acknowledge the district court's basis for the dismissal of his habeas corpus petition.  Instead, Herrington raises three issues in his application for a COA, none of which challenge the district court's conclusion that he failed to cure the deficiencies in his § 1915 motion.

In Herrington's first claim in his application for a COA, he asserts that the district court erred in failing to ensure that he received copies of his case filings when he was temporarily transferred to the Colorado Mental Health Institute in Pueblo, Colorado. Aplt. Br. at 3.  On July 8, 2022, Herrington filed a notice of change of address, providing his new address at the state hospital.  Additionally, in his notice of change of address, Herrington stated that he had not received any filings since June 17, 2022, and that he had requested a copy of all filings issued since June 18, 2022.  ROA, Vol. I at 16–17. However, the district court already addressed this issue in its July 13, 2022, order of dismissal.  There, the district court explained that "[t]he only order issued by the Court since June 17, 2022, [was] a June 22, 2022, Minute Order denying without prejudice [Herrington's] motion for appointment of counsel." *Id.* at 17.  Although this June 22, 2022, Minute Order was initially returned as undeliverable upon the district court's first attempt to send Herrington this document, the district court subsequently directed the Clerk of Court to mail a copy of that minute order to Herrington at his new address. Moreover, Herrington fails to explain how a delay in receiving a copy of the June 22, 2022, Minute Order prevented him from complying with the district court's order to cure

10

the deficiencies in his § 1915 motion. Rather, the docket reflects that Herrington was still able to send numerous filings to the district court in response to its order advising Herrington to cure these deficiencies. Herrington's first claim, therefore, offers nothing to meaningfully impeach the district court's reasoning in its order of dismissal.

In his second claim in his application for a COA, Herrington reiterates his claims for unlawful arrest and detention that he asserted in his § 2241 motion. Aplt. Br. at 4. Because those claims have nothing to do with the district court's procedural ruling, we summarily reject them. Herrington also asserts in his second claim that his "pleadings carried on month after month" and "anything [he] brought before [the] court was ignored." *Id.* This argument is belied by the record and, indeed, the district court correctly noted that Herrington submitted numerous filings, all of which were filed on the docket. ROA, Vol. I at 16 (citing ECF Nos. 5–7, 9, 10, 13, and 14, *Herrington v. Geary*, No. 22-cv-1166 (D. Colo. Aug. 26, 2022)). Again, Herrington fails to meaningfully address the district court's rationale for dismissing his case—namely, that Herrington's numerous filings were non-responsive and did not cure the specified deficiencies.

Finally, in his third claim in his application for a COA, Herrington argues that he repeatedly requested that the district court send him copies of the Federal Rules of Civil Procedure and other case law and statutes. Aplt. Br. at 4. This argument is also unpersuasive. In its order directing Herrington to cure the deficiencies, the district court clearly outlined the procedural deficiencies with Herrington's § 1915 motion and

11

provided explicit instructions on how to cure these deficiencies. Additionally, the district court further advised Herrington to "obtain the current, court-approved form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions," at the district court's website. ROA, Vol. I at 15. Herrington does not cite to any legal authority to support his proposition that the district court was obligated to provide any additional information or support to Herrington, nor are we aware of any such authority. Herrington also does not explain why his lack of access to the Federal Rules of Civil Procedure or other authority was necessary to cure the deficiencies in his § 1915 motion, especially when the district court's order clearly detailed the proper procedure that Herrington needed to follow.

In sum, nothing in Herrington's present application for a COA demonstrates that the district court's denial of his § 1915 motion and habeas corpus petition was in error. While we liberally construe the filings of pro se appellants, *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), we are "not required to manufacture an appellant's argument on appeal when [he] has failed in [his] burden to draw our attention to the error below." *Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) (internal quotation marks omitted) (emphasizing that the appellant "bears the burden of demonstrating the alleged error" in the district court's decision); *see Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived."). Here, Herrington fails to call the district court's analysis of its procedural ruling into question.

12

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Here, we conclude that jurists of reason would not find it debatable whether the district court erred in dismissing Herrington's petition for failure to cure the deficiencies in his § 1915 motion or pay the required fee. We therefore deny Herrington's request for a COA.

Herrington has also filed a motion to proceed *in forma pauperis*. Because Herrington has not provided a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," his motion is denied. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

### III

For the foregoing reasons, we DENY Herrington's request for a COA and DISMISS the matter. We also DENY Herrington's request to proceed *in forma pauperis* on appeal.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

13