**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

**May 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

FUE XIONG,

    Petitioner - Appellant,

v.

RICK WHITTEN,

    Respondent - Appellee.

No. 23-5038
(D.C. No. 4:19-CV-00456-CVE-JFJ)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Petitioner Fue Xiong, appearing pro se, seeks a certificate of appealability (COA) to challenge the denial of his motion to reopen the time to file a notice of appeal. We deny his request for a COA and dismiss this matter.

Petitioner sought a writ of habeas corpus in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 2254. The district court denied that petition on the merits on July 25, 2022. Petitioner filed an untimely notice of appeal on February 24, 2023.[1] We dismissed his appeal for lack of jurisdiction.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The Clerk of Court received the notice of appeal on March 3, 2023. But Xiong declares, under penalty of perjury, that he placed the notice in the correction center's

Petitioner also moved to reopen the time to file a notice of appeal, pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. The district court denied the motion because it did not meet the time requirements under Rule 4(a)(6)(B). Petitioner now appeals that decision to this Court and seeks a COA.

## I.

To receive a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). This generally requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)) (internal quotation marks omitted). When a district court denies a § 2255 motion on procedural grounds, including for untimeliness, a petitioner requesting a COA must also show us that reasonable jurists would find debatable the correctness of the procedural ruling. Id. When we can rule based on the procedural question without addressing the constitutional merits question, we often do so. Id. at 485.

Reasonable jurists could not debate the denial of Petitioner's Rule 4(a)(6) motion. Rule 4(a)(6) governs the district court's ability to reopen the time to file an appeal. Fed. R. App. P. 4(a)(6). To do so, the district court must find that (1) the moving party did not

---

mailing system on February 24, 2023. We consider the notice filed on February 24, 2023. Fed. R. App. P. 4(c).

receive notice of the entry of judgment, (2) the moving party filed the motion within 180 days after the entry of judgment or within fourteen days after the moving party received notice, whichever is earlier, and (3) neither party would be prejudiced.  Id.

Petitioner has failed to demonstrate that he filed the motion within the time required under Rule 4(a)(6)(B).  The 180-day period began on July 25, 2022, and expired on January 23, 2023 (as extended by Fed. R. Civ. P. 6(a)(1)(C)).  Petitioner received actual notice on February 13, 2023, and thus the fourteen-day period expired on February 27, 2023.  The 180-day period ends earlier, so we apply it.  Because Petitioner filed his motion outside the 180-day period, he cannot satisfy the conditions of Rule 4(a)(6).  Clark v. Lavallie, 204 F.3d 1038, 1040 (10th Cir. 2000); see also Portley-El v. Milyard, 365 F. App'x 912, 917 n.9 (10th Cir. 2010) ("failure to meet any one condition [of Rule 4(a)(6)] precludes the reopening of the time to file an appeal.").  The 180-day deadline "is specific and unequivocal."  Clark, 204 F.3d at 1040.  "[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons."  Id.

Because Petitioner failed to satisfy the conditions of Rule 4(a)(6), reasonable jurists could not debate the correctness of the procedural ruling.  Accordingly, we DENY Petitioner's application for a COA and DISMISS this matter.


Entered for the Court


Joel M. Carson III
Circuit Judge


3