[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14106
Non-Argument Calendar
_____

D.C. Docket No. 3:92-cv-30085-RV-WCS

DAVID MICHAEL SUMMERS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 24, 2014)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

David Michael Summers, a Florida prisoner serving 200 years' imprisonment for a conviction of sexual battery with a firearm, appeals <u>pro se</u> from the district court's order denying his motion to reopen the time period to file a

notice of appeal, pursuant to Fed.R.App. 4(a)(6), so that he may seek review of the court's denial of his Rule 60(b) motion and his motion to stay the Rule 60(b) proceedings.[1]  On appeal, he argues that the district court abused its discretion in denying his motion to reopen the time to appeal the denial of his Rule 60(b) motion and his motion to stay proceedings because: (1) the court wrongly concluded that it lacked jurisdiction to rule on the motion to reopen; and (2) his motion to reopen is merited because he never received the orders denying his Rule 60(b) motion and his motion to stay proceedings, as required by Fed.R.Civ.P. 77(d).[2]  For its part, the state argues, among other things, that we cannot hear Summers's appeal because he has not been issued a certificate of appealability ("COA").  After thorough review, we vacate and remand for further proceedings.

We review jurisdictional questions de novo.  Evans v. Walter Industries, Inc., 449 F.3d 1159, 1162 (11th Cir. 2006).  We generally review for abuse of discretion a district court's denial of a party's motion to reopen the time period to file a notice of appeal, pursuant to Rule 4(a)(6).  See McDaniel v. Moore, 292 F.3d

---

[1]    This appeal has been consolidated with three other appeals, Nos. 12-14102, 12-14103, and 12-14104.  However, Summers only was granted in forma pauperis status on the instant appeal, and therefore he proceeds solely on this appeal.

[2]    Also on appeal, Summers raises challenges to several other orders, including direct challenges to the disposition of the Rule 60(b) motion and his motion to stay the Rule 60(b) proceedings.  However, we do not have jurisdiction to hear any of these challenges, because the orders for these motions are not specified in the instant notice of appeal.  See Fed.R.App.P. 3(c)(1)(B) (requiring that the notice of appeal "designate the judgment, order, or part thereof being appealed"); Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987) ("The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal.").

1304, 1305 (11th Cir. 2002) (reviewing whether the district court abused its discretion by denying the petitioner's request to reopen the time period to file a notice of appeal). "A court, by definition, abuses its discretion when it bases a decision on an erroneous legal premise." United States v. Hill, 643 F.3d 807, 874 (11th Cir. 2011). We liberally construe a pro se litigant's pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

First, we are unpersuaded by the state's claim that we lack jurisdiction over this appeal. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state habeas petitioners who file an appeal after April 24, 1996, must obtain a COA to proceed. See 28 U.S.C. § 2253(c)(1). Specifically, the AEDPA provides as follows:

> [U]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1).

A COA is required to appeal the denial of a Rule 60(b) motion for relief from judgment in a § 2254 proceeding. Jackson v. Crosby, 437 F.3d 1290, 1294-95 (11th Cir. 2006). However, the Supreme Court has held that an order denying a motion for appointment of counsel in a habeas proceeding is not a "final order" as defined in § 2253(c), and therefore is not subject to the COA requirement.

3

<u>Harbison v. Bell</u>, 556 U.S. 180, 183 (2009).  In doing so, it explained that §
2253(c) "governs final orders that dispose of the merits of a habeas corpus
proceeding." <u>Id.</u>

Here, Summers's motion to reopen is not a "final order" subject to the COA
requirement in 28 U.S.C. § 2253(c)(1), because it does not dispose of the merits of
a habeas proceeding.  <u>Id.</u>  Accordingly, we have jurisdiction to hear Summers's
appeal of the denial of his motion to reopen.

As for the merits of the appeal, we agree with Summers that the district court
abused its discretion by denying his motion to reopen on jurisdictional grounds.  In
general, the federal procedural rules require that a party in a civil lawsuit file a
notice of appeal within 30 days of the entry of the order being appealed.
Fed.R.App.P.  4(a)(1)(A).  If a party fails to file a notice of appeal within the 30-
day period, "[t]he district court may reopen the time to file an appeal for a period
of 14 days after the date when its order to reopen is entered" when three conditions
are met.  Fed.R.App.P. 4(a)(6).  First, the court must find that the party did not
receive notice within 21 days of the entry of the order that it seeks to appeal.  <u>Id.</u>
4(a)(6)(A).  Second, the party must move to reopen the appeal period within 180
days of the order's entry or within 14 days after receiving notice of the order's
entry, whichever is earlier.  <u>Id.</u> 4(a)(6)(B).  Third, the court must find that no party
would be prejudiced if the window to appeal were reopened.  <u>Id.</u> 4(a)(6)(C).  The

4

party moving under Rule 4(a)(6) bears the burden of showing non-receipt, or delayed receipt, of the order it wishes to appeal. McDaniel, 292 F.3d at 1307.

Here, we are compelled to conclude that the district court abused its discretion in denying Summers's motion to reopen on jurisdictional grounds. Although the court was correct that it lacked jurisdiction to entertain Summers's initial Rule 60(b) motion to the extent that it constituted a successive habeas petition, we find no authority to support the proposition that it also lacked jurisdiction to consider the merits of Summers's motion to reopen and make findings as to whether he had satisfied the requirements of Rule 4(a)(6). Thus, the district court based its denial of the motion on the erroneous legal premise that it lacked jurisdiction. See Hill, 643 F.3d at 874. It is possible that if the district court had considered the motion to reopen on the merits, it would have denied it -- indeed, even if Summers sufficiently satisfied all three conditions of Rule (4)(a)(6), the district court would merely be authorized, rather than required, to grant the motion to reopen. See Fed.R.App.P. 4(a)(6) (stating that "[t]he district court may reopen the time to file an appeal"). Regardless, the district court has yet to make findings in the first instance as to whether Summers had satisfied the requirements of Rule 4(a)(6). We therefore vacate the order denying the motion to reopen and remand for further proceedings consistent with this opinion.

**VACATED and REMANDED.**

5