**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

ROBERT DALE SHEPARD,

     Plaintiff - Appellant,

v.

PATRICIA RANGEL, ADX, General
Population Unit Manager, individually and
in her official capacity; DARREN
FOSTER, ADX Counselor, individually
and in his official capacity; DANIEL
SHEPHERD, ADX, Correctional Officer,
individually and in his official capacity;
FEDERAL BUREAU OF PRISONS,

     Defendants - Appellees.

No. 15-1424
(D.C. No. 1:12-CV-01108-RM-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

    Robert Shepard appeals the district court's denial of his motion to reopen the

time to appeal.  Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the district

court's order and remand for further proceedings.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court dismissed Shepard's complaint on December 24, 2014. Shepard did not file a timely notice of appeal. On June 15, 2015, he filed a motion to reopen the time for filing a notice of appeal under 28 U.S.C. § 2107(c) and Fed. R. App. P. 4(a)(6). In the motion, Shepard alleged that, despite his diligence in attempting to determine whether a final order had entered, he had not received notice of the court's final judgment. He also asserted that defendants would not suffer prejudice from reopening the time to appeal. Without receiving a response from the defendants, the district court denied the motion, holding Shepard had failed to demonstrate that defendants would not be prejudiced by reopening the time to appeal. This appeal followed.[1]

We "review the district court's determination of whether to grant a motion for an extension of time within which to file a notice of appeal for an abuse of discretion." Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994). Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides that a district court "may reopen the time to file an appeal" for a fourteen-day period if: (1) the moving party did not receive notice of entry of the order sought to be appealed; (2) the motion is filed within 180 days after entry of the judgement or order, or within fourteen days after the moving party

---

[1] The district court entered its order denying the motion to reopen on September 1, 2015. The notice of appeal was therefore due by October 31. Fed. R. App. P. 4(a)(1)(B)(iii) & (iv). Shepard provided a certificate of service stating that the notice was placed in the prison's legal mail system on October 30, 2015, and that first-class postage was pre-paid. Thus, Shepard's notice of appeal was timely under the prison mailbox rule. Id. 4(c); see also Price v. Philpot, 420 F.3d 1158, 1165-66 (10th Cir. 2005).

receives notice of the entry;[2] and (3) "the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6). We have observed that the movant bears the burden of demonstrating that he did not receive timely notice of the judgment he seeks to appeal. See Portley-El v. Milyard, 365 F. App'x 912, 916 (10th Cir. 2010) (unpublished). The advisory committee note to Rule 4 explains that "prejudice" means more than simply having to oppose the appeal and risk reversal, as these are "consequences that are present in every appeal." Fed. R. App. P. 4 advisory committee's note to 1991 amendment. In this context, prejudice requires more. Prejudice "might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal." Id.; see also TBG, Inc. v. Bendis, 36 F.3d 916, 921-22 (10th Cir. 1994) (party who settled claim because the time to appeal a settlement had expired would be prejudiced by extending time to appeal).

Shepard argues the district court erred in requiring him to prove that defendants would not be prejudiced by a reopening. We agree, as do the defendant-appellees. The defendants never objected to the motion to reopen nor identified any prejudice they might suffer. Nor did the district court identify any such prejudice—it merely held Shepard failed to prove the absence of prejudice. But Shepard's motion did assert that "no prejudice will ensue to any defendant," and we reject the

---

[2] Shepard argued that he had not received notice even at the time of filing his motion, but had only speculated that final judgment must have entered based on conversations in the prison. For purposes of this appeal, we assume without deciding that Shepard never received notice, and the fourteen-day limitation does not apply.

3

contention that a plaintiff bears the burden to further prove the negative. The mere absence of proof of non-prejudice is not a reasonable basis for refusing to reopen the time to appeal when the plaintiff has asserted the absence of prejudice and the defendant has failed to object.

Although a district court retains discretion whether to grant a motion to reopen once the Rule 4(a)(6) requirements are satisfied, see Clark v. Lavallie, 204 F.3d 1038, 1040 (10th Cir. 2000), "a motion to a court's discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles," Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005) (quotation and alteration omitted). In other words, "[d]iscretion is not whim." Id. Yet the district court did not undertake the threshold determination of whether granting the motion would prejudice the defendants. The absence of fact-finding is particularly notable because defendant-appellees agree that the record contains "no evidence demonstrating prejudice." The district court abused its discretion by failing to make findings as to whether Shepard satisfied the requirements of Rule 4(a)(6). Accord Summers v. Sec'y, Florida Dep't of Corr., 569 F. App'x 846, 848 (11th Cir. 2014) (unpublished).

The district court order denying Shepard's motion to reopen is **VACATED**.

We **REMAND** for further proceedings not inconsistent with this order and judgment.

Shepard's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge