FILED
United States Court of Appeals
Tenth Circuit

April 6, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT DALE SHEPARD,

    Plaintiff - Appellant,

v.

PATRICIA RANGEL, ADX, General
Population Unit Manager, individually and
in her official capacity; DARREN
FOSTER, ADX Counselor, individually
and in his official capacity; DANIEL
SHEPHERD, ADX, Correctional Officer,
individually and in his official capacity;
FEDERAL BUREAU OF PRISONS,

    Defendants - Appellees.

No. 17-1231
(D.C. No. 1:12-CV-01108-RM-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

Robert Dale Shepard, a federal prisoner, appeals pro se from district court orders

that dismissed his *Bivens* action, reopened the time to appeal, and then denied his motions

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

objecting to the reopened appeal period.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part and dismiss in part.

## BACKGROUND

Shepard filed a *Bivens* suit against prison officials in 2012, which the district court dismissed on December 24, 2014.  Shepard failed to timely appeal.  He later moved to reopen the appeal period, explaining that despite his attempts to ascertain whether a final order had entered, he had not received notice of a final judgment.  The district court entered an order denying the motion to reopen.

On appeal, this court vacated that order, explaining that the defendants had not shown they would suffer any prejudice from an extension of the appeal period. *See Shepard v. Rangel*, 658 F. App'x 365, 367 (10th Cir. 2016).  The matter was then remanded for further proceedings.

On April 10, 2017, the district court granted Shepard's motion to reopen, finding that he had "not receive[d] notice of the entry of the Court's December 24, 2014 Order . . . or Judgment."  R., Vol. II at 16.  Accordingly, the district court gave him fourteen days to file a notice of appeal.

But Shepard did not file a notice of appeal within that period.  Instead, on April 21, he submitted[1] a "Motion . . . to Alter or Amend" the April 10 order, asking the district court to direct the court clerk to "serve [him] with a copy of the December 24,

---

[1] Under the prison mailbox rule, an inmate's legal document is treated as having been filed "on the date it is given to prison authorities for mailing to the court."  *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005).

2

2014 Order and Judgment." *Id.* at 19, 21. He complained that "it would be manifestly unjust to expect [him] to prepare and file an appeal" without "a copy of the original Order and Judgment of December 24, 2014." *Id.* at 20.

On May 1, 2017, the district court construed Shepard's motion as arising under Fed. R. Civ. P. 60(b)(6), and it denied the motion, stating that its review of the court's docket entries showed that "the Clerk *did* mail notice of the December 24, 2014 Order and Judgment to [Shepard]" on that same date. *Id.* at 26. Shepard responded on May 30 with another "Motion to Alter or Amend," this time targeting the court's May 1 order, *id.* at 33, and arguing that "it would . . . be manifestly unjust to expect [him] to somehow come up with his own copy of the Final Judgment," *id.* at 35.

On June 5, the district court denied that motion as well, reiterating that the court's docket showed service. And in any event, the court said,

> it is fundamentally inaccurate for [Shepard] to suggest that he has not received notice of the December 24, 2014 Order and Judgment. At the very latest, [Shepard] was made fully aware of the entry of the December 24, 2014 Order and Judgment in the Court's April 10, 2017 Order granting the motion to reopen the time to file a notice of appeal.

*Id.* at 41.

Twenty-five days later, on June 30, Shepard finally submitted a notice of appeal. Therein, he designated the December 2014 final judgment, the April 10, 2017 order granting his motion to reopen, and the two orders denying his motions to alter or amend.

3

## DISCUSSION
## I. Appellate Jurisdiction

We first address the jurisdictional scope of this appeal. Setting aside for the moment that the district court reopened the appeal period for fourteen days, there is ordinarily a sixty-day window in which to file a notice of appeal in a case such as this, where an officer or employee of the United States is a party. *See* Fed. R. App. P. 4(a)(1)(B). Shepard's notice of appeal was filed within sixty days of both orders denying his Motions "to Alter or Amend." Thus, this court's jurisdiction encompasses those orders.

But as for the district court's April 10 order, which granted Shepard's motion to reopen the appeal period, this court lacks jurisdiction. First, that order granted Shepard's motion in its entirety and afforded him all the relief he had requested. "Generally, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal, and thus a party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." *Miami Tribe of Okla. v. United States*, 656 F.3d 1129, 1137 (10th Cir. 2011) (internal quotation marks omitted). Second, Shepard did not file a timely notice of appeal after the April 10 order's entry. Indeed, Shepard's June 30 notice of appeal came eighty-one days later—outside both the reopened appeal period and the Rule 4(a)(1)(B) period.

Likewise, to the extent Shepard's notice of appeal designated the December 2014 final judgment, the notice is outside either timeframe for an appeal.[2]  Consequently, this court lacks jurisdiction over the final judgment dismissing Shepard's *Bivens* action, and we can review only the district court's May 1 and June 5 orders.

## II.  The Re-opened Appeal Period

To decipher whether the district court erred in denying Shepard's motions to alter or amend, we first identify what he sought to accomplish.  *See Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registrations Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011) (stating that whether a motion seeks to alter or amend a judgment under Rule 59(e) or to obtain relief from a judgment, order, or proceeding under Rule 60(b) "depends upon the reasons expressed by the movant").  Shepard's goal in bringing the motions was to delay filing a notice of appeal until sometime after the district court re-sent him copies of

---

[2] We need not decide in this case whether a party can toll the fourteen-day reopened appeal period by filing a Fed. R. App. P. 4(a)(4)(A) motion.  While we see nothing in Rule 4(a)(4) or elsewhere indicating that an appeal period reopened for fourteen days under Rule 4(a)(6) and 28 U.S.C. § 2107(c) can be tolled, we presume that an order disposing of any such tolling motion would restart the appellate clock and run it for only an additional fourteen days.  *See* Fed. R. App. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of [a tolling motion] . . . must file a notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order"); *id.* 4(a)(6) ("The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered . . . ."); *Bowles v. Russell*, 551 U.S. 205, 207, 213 (2007) (holding that court of appeals had no jurisdiction where district court had reopened the time to appeal for seventeen days and the notice of appeal was filed within that period but after the 14-day period allowed by Rule 4(a)(6) and § 2107(c)).  Shepard failed to file any notice of appeal within fourteen days of the district court's May 1 order denying his first Motion "to Alter or Amend."  Thus, even assuming that a reopened appeal period can be tolled, Shepard did not timely file a notice of appeal once the appellate clock would have restarted.

5

the dismissal order and/or final judgment. Although Shepard labeled his motions as motions to alter or amend, he did not raise any issue regarding the underlying judgment, *see Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1152 (10th Cir. 2012) ("A motion will be considered under Rule 59(e) when it involves reconsideration of matters properly encompassed in a decision on the merits." (brackets and internal quotation marks omitted)), and he argued it would be "manifestly unjust" to require him to appeal without copies of the dismissal order and/or judgment, R., Vol. II at 20, 35. Thus, like the district court, we construe Shepard's motions as arising under Rule 60(b)'s catchall provision authorizing relief from an order for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6).

Under Rule 60(b)(6), district courts have "broad authority to relieve a party from a[n] [order]" when "necessary to accomplish justice" based on "extraordinary circumstances." *See State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996) (internal quotation marks omitted). We review the denial of Rule 60(b)(6) relief for an abuse of discretion. *See LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003).

We conclude that the district court did not abuse its discretion in denying Shepard's motions and holding him to the fourteen-day reopened appeal period. We begin by noting that this case ceased being about a lack of notice long ago. Indeed, this court stated in its July 2016 decision resolving Shepard's first appeal that "[t]he district court [had] dismissed Shepard's complaint on December 24, 2014," *Shepard*, 658 F. App'x at 366. Even when the district court on remand initially found that Shepard

6

had not received notice of the order and judgment's entry, it expressly stated that those two documents had been filed on December 24, 2014, and it cited the docket entries for both. Yet, when the district court then granted Shepard's "Motion to Reopen Time for Filing Notice of Appeal," R., Vol. I at 678, giving him "**fourteen (14) days . . . to appeal**," *id.*, Vol. II at 18, Shepard objected because the order and judgment were not in his possession. Shepard continues to insist that he should not have been expected to appeal until he actually received the dismissal order and final judgment, as he could not otherwise make a "somewhat meaningful attempt at preparing an appeal for this Court's consideration." Aplt. Opening Br. at 7.

But successfully filing a notice of appeal is in no way dependent on a litigant possessing the documents giving rise to an appeal. Even a litigant who is completely unaware of the grounds on which his case was dismissed is fully capable of initiating the appeals process. *See* Fed. R. App. P. 3(c)(1) (requiring that a notice of appeal identify only the appealing party, the judgment or order being appealed, and the court to which the appeal is taken).

As the district court twice noted, its docket shows service. Whether that service was successful is an issue that becomes relevant at the time of briefing the appeal, but it is not an issue that precludes a litigant (who has notice of the adverse judgment or order) from filing a notice of appeal. Thus, we see no manifest injustice in Shepard being held to the fourteen-day reopened appeal period.

The Federal Rules of Civil Procedure require nothing less. Rule 77(d)(2) expressly prohibits a district court from relieving a party's failure to timely appeal, even

in the absence "of notice of the entry." Fed. R. Civ. P. 77(d)(2). The only exception identified—the reopening process of Fed. R. App. P. 4(a)—prescribes a fourteen-day period to perfect an appeal, which is available only by a motion filed no later than the earliest of either 180 days after entry (*regardless of notice*) or fourteen days after the receipt of notice, *see id.* 4(a)(6). Nothing in those rules conditions reopening or the duration of reopening on the prospective appellant's actual possession of the documents sought to be appealed.

## CONCLUSION

To the extent Shepard appeals from the denials of his Motions "to Alter or Amend," we affirm the district court's judgment. We dismiss the appeal, however, insofar as Shepard appeals from the district court's April 10, 2017 order and the 2014 final judgment. Finally, we grant Shepard's motion to proceed in forma pauperis, but we remind him of his obligation to continue making partial payments until his appellate fees are paid in full.

Entered for the Court

Bobby R. Baldock
Circuit Judge

8