**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**November 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

GREGORY D. COSBY, a/k/a Gregory D.
Crosby,

      Petitioner - Appellant,

v.

A. CIOLLI, Warden; M. BANUELOS,
DHO Officer; J. POTTER, Correctional
Officer; K. MANDABON MARTINEZ; D.
MCMICHAEL,

      Respondents - Appellees.

No. 24-1247
(D.C. No. 1:23-CV-01274-GPG)
(D. Colo.)

_____

### ORDER AND JUDGMENT*

_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

Gregory Cosby, a federal prisoner proceeding pro se, appeals the district

court's order denying his motion to reopen the time to appeal its order denying

Cosby's 28 U.S.C. § 2241 petition.[1] Discerning no abuse of discretion in the district

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

    [1] We liberally construe Cosby's pro se filings, "but we do not act as his advocate." *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

court's determination that Cosby failed to make the required showing that he never received notice of the underlying § 2241 order, we affirm.

The district court denied Cosby's § 2241 petition—which challenged a prison disciplinary hearing that resulted in the loss of good-time credits—on February 5, 2024. Cosby sought to appeal, but his notice of appeal was late: although it was due on April 5, he signed it on April 16, and it was filed on April 22. *See* Fed. R. App. P. 4(a)(1)(B). We ordered Cosby to show cause why his appeal should not be dismissed for lack of jurisdiction and ultimately dismissed the appeal on that basis. *See Cosby v. Ciolli*, No. 24-1167, slip op. at 3–4 (10th Cir. May 13, 2024).

Cosby then filed a motion in the district court seeking to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6), asserting that he had never received the underlying § 2241 order.[2] This rule permits a district court to reopen the time to file an appeal only if three "conditions are satisfied." Fed. R. App. P. 4(a)(6); *see also* 28 U.S.C. § 2107(c) (setting forth same three conditions); *Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000) ("[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons."). The first condition—and the only one at issue here—requires the moving party to show that they "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry

---

[2] Cosby's motion also discussed Rule 4(a)(5), which permits a district court to extend the time to file a notice of appeal for good cause or excusable neglect. But that provision requires a party to seek extension within 30 days after the time to appeal has expired, and Cosby's May 20 motion was more than 30 days after the April 5 expiration of the appeal time. *See* Fed. R. App. P. 4(a)(5)(A)(i). So Rule 4(a)(5) did not apply.

of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(A); *see also Shepard v. Rangel*, 658 F. App'x 365, 366 (10th Cir. 2016) ("[T]he movant bears the burden of demonstrating that he did not receive timely notice of the judgment he seeks to appeal.").[3] In turn, Rule 77(d) directs the clerk to "serve notice of the entry, as provided in [Federal] Rule [of Civil Procedure] 5(b), on each party who is not in default for failing to appear" and to "record the service on the docket." And Rule 5(b) explains that service can be made by "mailing it to the person's last known address—in which event service is complete upon mailing."

The district court concluded here that Cosby failed to establish he did not receive the § 2241 order. Instead, it explained, its docket reflected that the clerk mailed the order to Cosby's current address in compliance with Rules 77(d) and 5(b) and that no mail had been returned as undeliverable. The district court therefore denied Cosby's motion to reopen the time to appeal.

Cosby appeals.[4] Our review is for abuse of discretion. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

The heart of Cosby's argument on appeal is his continued assertion that he never received the underlying § 2241 order. But his unsupported assertion does not

---

[3] We cite this and other unpublished authority for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[4] He does not need a certificate of appealability to do so because he is a federal prisoner seeking appellate review of a final order in a proceeding under § 2241. *See* 28 U.S.C. § 2253(c); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

prevail, given the district court's finding that the order was mailed to him and never returned as undeliverable. Indeed, we have held that a district court does not abuse its discretion in denying a Rule 4(a)(6) motion where "court records revealed that a copy of the order dismissing [the] case had been sent to [the appellant] and never returned as undeliverable." *Ogden*, 32 F.3d at 455; *see also Portley-El v. Milyard*, 365 F. App'x 912, 917 (10th Cir. 2010) ("The judgment was not returned to the district court as undeliverable, which supports a reasonable inference that [the appellant] received the judgment."). Cosby also suggests that additional evidence might support his assertion that he did not receive the underlying order, describing the absence of his signature around the relevant dates on a log sheet that inmates sign when receiving legal mail. Yet even overlooking that Cosby made no such argument below, he also points to no record support for this assertion.[5] Under these circumstances, our holding in *Ogden* applies equally here, and the district court did not abuse its discretion in concluding that Cosby failed to establish he did not receive the underlying order.[6] *See* 32 F.3d at 455.

---

[5] We also fail to see the relevance of Cosby's allegation regarding the unavailability of the prison's library in December 2023 and January 2024, given that the district court issued the underlying § 2241 order in February 2024.

[6] Cosby suggests in passing that the district court should have construed his late notice of appeal as a Rule 4(a)(5) motion to extend the time to file a notice of appeal for good cause. We decline to consider this unpreserved argument, which Cosby never raised below. *See Little v. Budd Co.*, 955 F.3d 816, 821 (10th Cir. 2020).

We affirm the district court's order denying Cosby's motion to reopen the time to appeal, and we grant Cosby's motion to proceed in forma pauperis.

Entered for the Court

Nancy L. Moritz
Circuit Judge